SUCCESSION OF PÉREZ, APPELLANT, v. MÁRQUEZ, RESPONDENT.

APPEAL from the District Court of Humacao.

No. 948.—Decided June 17, 1913.

EVIDENCE—LETTERS AS EVIDENCE—ADMISSIONS.—Letters written by a witness for the plaintiff concerning steps taken by him in connection with certain acts alleged to have been committed by the defendant and presented in order to corroborate the testimony of the witness who wrote them, are not admissible in evidence against the defendant when they contain no admissions made by the latter

ID.—INJUNCTION—POSSESSION.—When the defendant in injunction proceedings claims to be in possession of the lot in litigation, a certificate issued by the proper registrar of property stating that the plaintiff is the owner of a house adjoining the lot in litigation and a certificate issued by the municipality stating that since 1888 no resolution had been passed by said municipality declaring that the possession of said lot by the plaintiff's ancestor was unlawful, defective or had been acquired by force, are inadmissible to prove the plaintiff's possession, for neither of said documents proves the acquisition and possession of the lot by the plaintiff.

INJUNCTION—POSSESSION.—When the possession of a lot is not only in dispute but is held by the defendant, an injunction will not be granted to enjoin the defendant from committing acts contrary to his possession.

ID.—TITLE.—When the title upon which the claim is based is in dispute an injunction should be refused.

ID.—IRREPARABLE DAMAGES.—A petition for an injunction should contain the indispensable allegation that the petitioner is suffering irreparable damages by reason of the acts of the defendant.

The facts are stated in the opinion.

*Mr Antonio Sarmiento* for appellant.

*Messrs. Francisco González* and *Arturo Aponte, Jr.,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 14, 1912, the Succession of Adrián Pérez presented a petition to the District Court of Humacao for an injunction against Fernando Márquez Roig, alleging that it had the lawful, quiet, and peaceful possession of a certain lot in the city of Caguas; that without the permission of the plaintiff and in the absence of an agreement or a judgment of a court Fernando Márquez Roig had disturbed the plaintiff's said possession by opening a door in the wall which separates the said lot from the lot on which the defendant's house is situated; that the defendant had placed some chattels of his own on the said lot and also had started to build a wall between the two lots, and that on the same day the plaintiff had filed another complaint against said defendant praying that he be ordered to vacate the said lot immediately, remove his chattels therefrom, close up the aperture in the wall and demolish the wall which he had begun to build. The petition concludes with the prayer that the defendant be enjoined from making use of the said door in the wall, from placing any of his effects on the lot and from continuing the building of the wall until judgment shall have been rendered in the action referred to.

The defendant opposed the petition, denying the plaintiff's alleged possession of the lot and the acts of disturbance and alleging that the petition was insufficient to establish a cause of action. The defendant alleged, besides, as a special ground of defense that the plaintiff had never owned the lot nor had lawfully enjoyed the usufruct thereof, and that on the con-

trary the defendant has been in lawful possession of the lot for some time by virtue of a grant made to him by its owner, the municipality of Caguas, for which reason he has a *prima facie* title to its possession. Defendant concluded with the prayer that the petition for an injunction be dismissed. The evidence was heard and the court rendered a decision against the petitioning succession, from which the present appeal was taken.

The errors assigned by the appellant are of two kinds: 1, refusal by the court to admit certain pertinent evidence during the trial; 2, insufficiency of the evidence to support the judgment. Let us begin by considering the former which contains two points.

While the witness Pablo Hereter was testifying as to the acts alleged to have been committed by the defendant on August 2 and as to the steps taken by the witness to stop the continuance thereof, the attorney for the petitioner offered as evidence two letters which had been addressed by the witness to said attorney on August 4 and 8 in order to corroborate the testimony of the witness. Objection being made to this evidence, the court refused to admit the same and such ruling was not an infraction of section 22 of the Law of Evidence, because the rights of the defendant cannot be prejudiced by letters which do not contain admissions made by him, and even though this evidence was offered to corroborate the testimony of the witness, there is no rule allowing the admission of such evidence.

The other evidence which the court refused to admit was a certificate of the recording of a title of ownership of the house of Salvador Más, now belonging to the Pérez Succession, issued by the Registrar of Property of Caguas and stating that the said house adjoined the lot in dispute, which certificate was offered in evidence to show the acquisition of the house which is bounded on the rear by that of the defendant and by the lot in litigation; also a certificate issued by the municipality of Caguas stating that since 1888 no resolution

had been passed by the said body declaring that the posses-sion of the said lot by Salvador Más was unlawful, defective, or had been acquired by force, the object being to prove that the said Más occupied and held the lot by authorization of the municipality and that such possession was lawful.

From what we can gather from these documents as they are set forth in the statement of the case, we think they do not prove what was sought to be established by the party who offered the same in evidence inasmuch as the first, which referred to the recording of a title of ownership to the house of one Más, now belonging to the plaintiff succession and adjoining the lot in controversy, only serves to show the ownership of the said house and the boundaries thereof, but not the possession of the lot in dispute; and as regards the second certificate, while it may be true that it establishes that the minutes of the municipal council fail to show any resolu-tion declaring the occupation of the said lot to be unlawful or defective, yet it does not show directly that the council had ceded the possession of the lot in question to Más. Hence, we fail to see that the court violated section 34 of the Law of Evidence inasmuch as it had not been previously shown that the municipality had ceded the lot to Más.

We now have to consider the last ground of appeal, which is that the evidence does not support the decision appealed from.

As may be seen from the pleadings, while the petitioner contends that he was in possession of the lot when the de-fendant committed the acts referred to, the latter denied that such was true and stated that the said lot had been ceded to him by the municipality of Caguas.

It is shown by the records that the city of Caguas is built on land belonging to the municipality, which grants the use of lots to private individuals, and that whilst the defendant at-tempted to prove by his witnesses that the lot in question had been in his possession for many years, the defendant proved by means of a certificate issued by the secretary of the munici-

pality of Caguas that he was granted the use of the lot on August 8, 1912. The object of the plaintiff succession's petition is that the defendant be enjoined from continuing to commit acts on said lot against the rights of the plaintiff as its possessor, but as such possession is not only in litigation but is exercised at present by the defendant, the court acted properly in refusing to grant the injunction for the reason that until it is decided in the suit who is entitled to the use of the said lot the plaintiff succession cannot be considered the present possessor thereof with the right, therefore, to an order enjoining the defendant from committing acts contrary to its possession. When the title on which a claim is based is not clear or is in dispute, an injunction should not be granted.

Besides, the petition for the injunction fails to allege that the petitioning succession is suffering irreparable damages by reason of the acts of the defendant, which allegation is indispensable according to the law regulating the granting of writs of injunction and the jurisprudence of this court as expressed in the case of *Estate of Iglesias* v. *Bolívar,* 11 P. R. R., 548.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.